FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

OCT 17 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01604-BNB

KEITH CLAYTON BROOKS, JR., AND ALL OTHERS SIMILARLY SITUATED,

      Plaintiff,

v.

ANGEL MEDINA, Warden,
TRAVIS TRANNI, Warden,
FRANCES MASSENGILL, Associate Warden,
PAUL AUET, Lieutenant,
KEN SOKOL, Lieutenant,
FOX, Lieutenant,
BRYAN MILBURN, Lieutenant,
JACKSON, Lieutenant,
ANTHONY DeCESARO, Step 3 Grievance Officer,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Keith Clayton Brooks, Jr., is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Correctional Facility in Limon, Colorado. On June 17, 2011, Mr. Brooks submitted to the Court a Prisoner Complaint that asserts violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland reviewed the Complaint, found the Complaint was deficient because Mr. Brooks had failed to name the same defendants in both the caption and in Section "A. Parties" on Page Two of the complaint form, and directed Mr. Brooks to correct the deficiency. Mr. Brooks corrected the deficiency on July 25, 2011, and at the same time amended the Complaint.

Mr. Brooks also has filed two motions requesting class action certification and appointment of counsel. Starting on July 22, 2011, sixty prisoners who are housed at the same facility as Mr. Brooks began filing either a motion to join the Complaint, a request to join the class action, or a letter of interest. A list of the sixty prisoners is attached as an appendix to this Order.

The Court must construe the Complaint liberally because Mr. Brooks is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the Complaint and the action will be dismissed as legally frivolous.

Mr. Brooks asserts two claims. In Claim One, he alleges that defendants created a voluntary Incentive Unit (IU) program in 2009 and that he applied for the program but was denied placement because of his verified STG activity in the past five years. Mr. Brooks contends that the basis for denying his access to the IU program was discriminatory and intentional. He further contends that his rights to equal protection under the Fourteenth Amendment have been violated because inmates who were accepted into the IU program in 2009 were given full access to showers, irons, televisions, microwaves, unit offices, social games or activities, calisthenics, and personal and legal telephone calls for thirteen hours each day. Mr. Brooks further

2

asserts that IU inmates also received increased access, equaling fourteen hours each week, to recreation facilities which includes weights, isometric equipment, music instruments, the barbershop, and physical activities or games.  Mr. Brooks contends that his access to the POD facilities, including showers, irons, television, microwave, unit office, social games or activities, calisthenics, and personal and legal telephone calls, is limited to 5.5 hours per day, and his access to recreation facilities is limited at the most to five hours per week.

Mr. Brooks further asserts that in 2010-11 defendants increased the amount of time IU inmates have access to the recreational facilities and allowed them extraordinary canteen privileges.  He also asserts that he was granted access to the IU program in December 2010 but was removed in January 2011 based on a bartering conviction.  Mr. Brooks further states that even though the conviction was expunged he was not reinstated in the IU program.  Mr. Brooks also contends that IU inmates are given favorable dispositions at informal disciplinary hearings, while inmates not participating in the IU program are subject to formal disciplinary procedures.  Finally, Mr. Brooks contends that pursuant to policy he is prohibited from showering after returning from recreation, which on one occasion resulted in a rash on his hamstrings and required an antihistamine injection.

In Claim Two, Mr. Brooks asserts that pursuant to policy he is not allowed to suntan during recreation, and he is denied access to the weight lifting program unless he purchases a second picture identification card.

The Court will address each of Mr. Brooks' claims as identified below.

1. Classification

To the extent that Mr. Brooks is challenging his denial of placement in the IU, the Constitution does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224. Mr. Brooks, therefore, does not have a liberty interest in being housed in the IU.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman*, 16 F.3d at 369. Mr. Brooks does not allege that he was deprived of life or property. Therefore, he was entitled to procedural protections only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The United States Supreme Court has recognized that a due process liberty interest is at stake when a prisoner's reclassification imposes an

4

"atypical and significant hardship." *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). The conditions in *Wilkinson*, however, were extreme, including indefinite solitary confinement that rendered the prisoner ineligible for parole. *See id.* at 224. The extreme conditions found in *Wilkinson* are not present here.

Neither the denial of Mr. Brooks' placement in the IU in 2009 nor the removal from the IU in 2010 violates Mr. Brooks' due process rights.

2. Equal Protection

The basic premise of the Equal Protection Clause is that all similarly situated persons should be treated alike by state actors. *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). To prevail on an equal protection claim, a plaintiff must show that the government has treated him differently than others who were similarly situated. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). If a claim is not based on a suspect classification the plaintiff must also allege sufficient facts to establish that "the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose." *Templeman*, 16 F.3d at 371.

Mr. Brooks does not assert a fundamental right or differential treatment based on a suspect classification. He, therefore, must assert that defendants have treated him differently than others who are similarly situated and that the treatment was not reasonably related to some legitimate penological purpose.

The requirement to show that an inmate is similarly situated is demanding. *See Templeman*, 16 F.3d at 371 (noting that "it is 'clearly baseless' to claim that there are

5

other inmates who are similar in every relevant respect") (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1998)). Furthermore, because inmate classification is discretionary it is not plausible that inmates are similar in every relevant respect for the purpose of equal protection claims. *See Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006). "Absent a threshold showing that [Mr. Brooks] is similarly situated to those who allegedly receive favorable treatment, [he] does not have a viable equal protection claim." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994).

Even if the inmates participating in the IU program are similarly situated to inmates who either have elected not to participate or were denied the opportunity to do so, Mr. Brooks is required to assert that his treatment was not reasonably related to some legitimate penological purpose. Given that prison officials have considerable discretion in placement decisions Mr. Brooks is unable to assert that his denial of or removal from IU placement was unreasonable. *See Hornsby v. Jones*, 188 F. App'x 684, 690 (10th Cir. 2006) (citing *Fogle*, 435 F.3d at 1261). There is a presumption in favor of the validity of prison officials' disparate treatment. *See Hill v. Pugh*, 75 F.App'x 715, 720 (10th Cir. 2003).

Mr. Brooks' equal protection claim is a conclusory allegation devoid of any supporting facts other than a described difference in conditions of placement and, as such, it does not support a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Furthermore, Mr. Brooks does not allege an injury based on the difference in access to the POD facilities, recreation, or the commissary. He also does not have a

6

constitutional right to access every type of program available to other prisoners, ranging from work to recreation. *See Estate of MiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1343 (10th Cir. 2007) (because inmate lived as a woman even though she anatomically was a man her access to certain amenities was more limited than the general population, but she still had access to the basic essentials of life and her constitutional rights were not violated) Therefore, this claim will be dismissed as legally frivolous.

3. Disciplinary Proceedings

A prisoner does not have a right to receive the same sanctions as other prisoners who are convicted of the same offenses. *See Williams v. Illinois*, 399 U.S. 235, 243 (1970). A prison disciplinary sanction involves factors other than the offense, including past conduct. *See Sweatt v. McBride*, 24 F. App'x 572, 575 (7th Cir. Nov. 21, 2001) (unpublished). Mr. Brooks has not shown that his treatment was "invidiously dissimilar from that accorded other inmates," *Herndon v. Youngman*, 34 F.3d 1070 *2 (8th Cir. Sept. 8, 1994) (unpublished) (citing *Flittie v. Solem,* 827 F.2d 276, 281 (8th Cir. 1987) (per curiam), or that other similarly situated inmates received preferential treatment. Therefore, this claim will be dismissed as legally frivolous.

4. Exercise

Based on the above findings, Mr. Brooks does not have a due process or equal protection right to the same recreational time that is provided to inmates assigned to the IU. However, "some form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates." *Bailey v. Shillinger,* 828 F.2d 651,

653 (10th Cir.1987) (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979));

*accord Williams v. Greifinger*, 97 F.3d 699, 703-05 (2d Cir. 1996) (discussing right to

out-of-cell exercise); *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992) (stating that

"generally a prisoner should be permitted some regular out-of-cell exercise.");

*Davenport v. DeRobertis*, 844 F.2d 1310, 1313 (7th Cir. 1988) (upholding district court

finding that only one hour of out-of-cell exercise a week for segregated inmates violated

Eighth Amendment).  The Tenth Circuit has found that total denial of exercise for an

extended period of time would constitute cruel and unusual punishment prohibited by

the Eighth Amendment, *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994), but a

denial of exercise is not a *per se* Eighth Amendment violation. *Bailey*, 828 F.2d at 653

(citation omitted).

A prisoner claiming that he has been subjected to cruel and unusual punishment

based on the conditions of his confinement must demonstrate, in part, that the

infringement was sufficiently serious.  *See Farmer v. Brennan*, 511 U.S. 825, 834

(1994).  "[E]xtreme deprivations are required to make out a conditions-of-confinement

claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  The conditions must deprive a

prisoner of the "'minimal civilized measure of life's necessities. '" *Wilson v. Seiter*, 501

U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  In the

absence "of a specific deprivation of a human need, an Eighth Amendment claim based

on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994)

(internal quotation marks omitted).  The core areas entitled to protection pursuant to the

Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Nothing Mr. Brooks asserts regarding his access to exercise rises to the level of an Eighth Amendment violation. Mr. Brooks does not assert that he has been completely denied recreation on a regular basis, and he concedes that he has access to the POD facilities, including showers, irons, television, microwave, unit office, social games or activities, calisthenics, and personal and legal telephone calls, for at least 5.5 hours each day.

Mr. Brooks' claim that he is not allowed to shower after his exercise session, and that due to his inability to shower on one occasion, May 28, 2011, he developed a rash or hives on his hamstrings requiring an antihistamine injection, does not rise to the level of an Eighth Amendment violation. The incident was not extremely serious. Mr. Brooks concedes that he received a shot to counter the rash or hives, and he does not assert that the rash or hives occurred again after exercising. Also, Mr. Brooks does not assert that he is denied showers on a regular basis but only immediately after exercising.

Finally, Mr. Brooks has no constitutional rights to suntanning or access to weightlifting equipment per se. A requirement that Mr. Brooks purchase a second picture identification card to access the weight lifting program is not a violation of his constitutional rights. Mr. Brooks also does not have standing to raise a discrimination claim with respect to indigent prisoners not being able to purchase a second identification card, even if the claim were found to be viable. Mr. Brooks' trust fund account statement shows he is not indigent. Accordingly, it is

ORDERED that the Complaint and action are dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that the Clerk of the Court, pursuant to Document No. 59,

send a copy of Document No. 9 and Document No. 7to Mr. Brooks.  It is

FURTHER ORDERED that all pending motions and requests are denied as

moot.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send a copy of

this Order to all prisoners listed in the attached appendix, as well as to Mr. Brooks.

DATED at Denver, Colorado, this __17th__ day of ___October_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

10

APPENDIX

Abdur Ali
Prisoner No. 141170
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Matt Alfaro
Prisoner No. 110191
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Jose Alvarado Juarez
Prisoner No. 134112
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Philip Andrade
Prisoner No. 53497
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

James Armijo
Prisoner No. 116762
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Joshua R. Baldwin
Prisoner No. 135982
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Christopher Bates
Prisoner No. 125237
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Stephen Beath
Prisoner No. 137200
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robert Blanchard
Prisoner No. 105600
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Reggie Chaisson
Prisoner No. 150642
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Joseph Chavez
Prisoner No. 105424
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Hinojos Cruz
Prisoner No. 147074
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robbie Demos
Prisoner No. 146392
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Michael DiPentino
Prisoner No. 103894
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Joseph A. Duran
Prisoner No. 103991
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Billy Edwards
Prisoner No. 97784
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Phillip Espinoza
Prisoner No. 43235
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Pedro Garcia
Prisoner No. 114610
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Michael D. Garrett
Prisoner No. 121003
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Fedencia Guitron
Prisoner No. 91182
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Bill Hawkins
Prisoner No. 54812
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Coleman Jacques
Prisoner No. 147322
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Brandon Jones
Prisoner No. 137116
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robert Jones
Prisoner No. 63565
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Jason Kaiser
Prisoner No.99187
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Eli Kelly
Prisoner No. 80817
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Mark Kent
Prisoner No. 66393
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Karl K. Koch
Prisoner No. 125129
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Rodney Kultgen
Prisoner No. 98117
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Clayton LaParl
Prisoner No. 106010
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Brian L. Lee
Prisoner No. 81024
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

William Lee
Prisoner No. 80995
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Theron A. Leppke
Prisoner No. 128572
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Tim Loomis
Prisoner No. 52826
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Donald Lowe
Prisoner No. 65325
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Lincoln Lucero
Prisoner No. 93714
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Christopher Lynch
Prisoner No. 44048
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Arthur Maetas
Prisoner No. 127578
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robert Marquez
Prisoner No. 48942
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robert Martin
Prisoner No. 43065
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Orlando Martinez
Prisoner No. 105430
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Uriel Matarivas
Prisoner No. 97214
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Troy D. Moore
Prisoner No. 55398
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Greg Norton
Prisoner No. 153178
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Jamie Page
Prisoner No. 141944
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Javier Pasillas
Prisoner No. 153862
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Louis Peoples Jr.
Prisoner No. 43943
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Anthony Peralez
Prisoner No. 60230
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Ron Phinney
Prisoner No. 61155
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

James Priest
Prisoner No. 112024
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Wesley Robida
Prisoner No. 131067
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Antonio H. Rodriguez
Prisoner No. 64420
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Jason Sandoval
Prisoner No. 110080
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Ruben Sotelosianez
Prisoner No. 148864
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Alan Swendra
Prisoner No. 65030
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

David Van Hassell
Prisoner No. 140221
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Rodney Valenzuela
Prisoner No. 96655
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

David A. Vieyra II
Prisoner No. 85632
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Charles Woodward
Prisoner No. 111788
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Ande Yonas
Prisoner No. 84598
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-01604-BNB

Keith C Brooks Jr
Prisoner No.  108827
Limon Correctional Facility
49030 Colorado 71
Limon, CO 80826

Joshua R. Baldwin
Prisoner No. 135982
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Abdur Ali
Prisoner No. 141170
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Christopher Bates
Prisoner No. 125237
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Matt Alfaro
Prisoner No. 110191
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Stephen Beath
Prisoner No. 137200
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Jose Alvarado Juarez
Prisoner No. 134112
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robert Blanchard
Prisoner No. 105600
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Philip Andrade
Prisoner No. 53497
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Reggie Chaisson
Prisoner No. 150642
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

James Armijo
Prisoner No. 116762
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Joseph Chavez
Prisoner No. 105424
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Hinojos Cruz
Prisoner No. 147074
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robbie Demos
Prisoner No. 146392
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Michael DiPentino
Prisoner No. 103894
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Joseph A. Duran
Prisoner No. 103991
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Billy Edwards
Prisoner No. 97784
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Phillip Espinoza
Prisoner No. 43235
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Pedro Garcia
Prisoner No. 114610
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Michael D. Garrett
Prisoner No. 121003
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Fedencia Guitron
Prisoner No. 91182
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Bill Hawkins
Prisoner No. 54812
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Coleman Jacques
Prisoner No. 147322
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Brandon Jones
Prisoner No. 137116
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robert Jones
Prisoner No. 63565
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Jason Kaiser
Prisoner No.99187
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Eli Kelly
Prisoner No. 80817
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Mark Kent
Prisoner No. 66393
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Karl K. Koch
Prisoner No. 125129
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Rodney Kultgen
Prisoner No. 98117
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Clayton LaParl
Prisoner No. 106010
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Brian L. Lee
Prisoner No. 81024
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

William Lee
Prisoner No. 80995
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Theron A. Leppke
Prisoner No. 128572
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Tim Loomis
Prisoner No. 52826
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Donald Lowe
Prisoner No. 65325
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Lincoln Lucero
Prisoner No. 93714
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Christopher Lynch
Prisoner No. 44048
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Arthur Maetas
Prisoner No. 127578
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robert Marquez
Prisoner No. 48942
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Robert Martin
Prisoner No. 43065
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Orlando Martinez
Prisoner No. 105430
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Uriel Matarivas
Prisoner No. 97214
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Troy D. Moore
Prisoner No. 55398
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Greg Norton
Prisoner No. 153178
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Jamie Page
Prisoner No. 141944
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Javier Pasillas
Prisoner No. 153862
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Louis Peoples Jr.
Prisoner No. 43943
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Anthony Peralez
Prisoner No. 60230
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Ron Phinney
Prisoner No. 61155
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

James Priest
Prisoner No. 112024
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Wesley Robida
Prisoner No. 131067
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Antonio H. Rodriguez
Prisoner No. 64420
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Jason Sandoval
Prisoner No. 110080
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Ruben Sotelosianez
Prisoner No. 148864
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Alan Swendra
Prisoner No. 65030
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

David Van Hassell
Prisoner No. 140221
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Rodney Valenzuela
Prisoner No. 96655
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

David A. Vieyra II
Prisoner No. 85632
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Charles Woodward
Prisoner No. 111788
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Ande Yonas
Prisoner No. 84598
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals, and a copy of Doc. 7 and 9 to Keith Brooks, on October 17, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
                     Deputy Clerk