IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01604-LTB

KEITH CLAYTON BROOKS, JR., AND ALL OTHERS SIMILARLY SITUATED,

    Plaintiff,

v.

ANGEL MEDINA, Warden,
TRAVIS TRANNI, Warden,
FRANCES MASSENGILL, Associate Warden,
PAUL AUET, Lieutenant,
KEN SOKOL, Lieutenant,
FOX, Lieutenant,
BRYAN MILBURN, Lieutenant,
JACKSON, Lieutenant,
ANTHONY DeCESARO, Step 3 Grievance Officer,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Keith Clayton Brooks, Jr., has filed a document titled "Motion Requesting Court to Amend its Findings, or Make Additional Findings and Amend its Judgment Pursuant to Rule 52(b)." In the Motion, Mr. Brooks asks the Court to reconsider the dismissal of this action. The Court must construe the Motion liberally because Mr. Brooks is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)). Mr. Brooks' Motion was filed within twenty-eight days after the Court's Order of Dismissal was entered on October 17, 2011. Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Mr. Brooks does not argue an intervening change in controlling law or the availability of new evidence, and he fails to demonstrate the need to correct clear error or prevent manifest injustice.

Mr. Brooks contends that the July 25, 2011 Amended Complaint that the Court reviewed and dismissed did not include all the pages he sent to the Court. Mr. Brooks claims that Page 4(iv) was not included or addressed by the Court. Mr. Brooks also asserts in the Motion that current access to the POD by inmates who are not housed in the Incentive Unit (IU) is only a little more than one hour per day. He further asserts that IU inmates are similarly situated to inmates who are not placed in the IU, that IU

inmates receive more than an hour per day of POD access, and that the level of disparity of treatment between IU inmates and non-IU inmates serves no legitimate penological interest.

First, although Page 4(iv) was not scanned into the Court's electronic docket, a paper copy of the page was available for review by the Court. Page 4(iv) now has been scanned into the Court's electronic docket. Second, as evidenced by Page 9 of the Order of Dismissal, the Court addressed the information stated on Page 4(iv). Finally, even if Plaintiff is asserting that he receives only a little more than 1 hour each day of POD access rather than 5.5 hours, his claim still does not rise to the level of a constitutional violation.

Therefore, upon consideration of the Motion to Reconsider and the entire file, the Court concludes that Mr. Brooks fails to demonstrate some reason why the Court should alter or amend the October 17, 2011 Order of Dismissal in this action. Accordingly, it is

ORDERED that the Motion Requesting Court to Amend its Findings, Doc. No. 67, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied. It is

FURTHER ORDERED that the "Combined Motion Requesting Class Action Certification and Court Appointed Class Counsel," Doc. No. 63, is denied as moot.

DATED at Denver, Colorado, this  3rd  day of    November   , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court